UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **BRANDON SMITH**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LENDUS, LLC**, a Delaware limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:19-cv-294**<br><br>**Judge:**<br><br>**Mag. Judge:** |

COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **BRANDON SMITH** ("SMITH" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

CAUSES OF ACTION

1.      This is an action brought under the Americans with Disabilities Act (ADAAA), the Florida Civil Rights Act (FCRA) and Florida common law for (1) disability discrimination in violation of the ADAAA, (2) disability discrimination in violation of the FCRA, and (3) unpaid wages.

PARTIES

2.      The Plaintiff, **BRANDON SMITH** ("**SMITH**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida.

3.      Defendant, **LENDUS, LLC** ("**LENDUS**") is a Delaware limited liability company that employed **SMITH** in Collier County, Florida.

4.      At all material times, **LENDUS** employed greater than fifteen (15) employees.

1

## JURISDICTION AND VENUE

5.       This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.       This Court has supplemental jurisdiction over **SMITH**'s state law claims pursuant to 28 U.S.C. § 1367.

7.       Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and **LENDUS** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

8.       **SMITH** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on February 25, 2019 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9.       **SMITH** began his employment with **LENDUS** in March 7, 2017 and was employed as a mortgage loan originator/branch manager.

10.       **SMITH** always performed his assigned duties in a professional manner and was very well qualified for his position, despite being a qualified person with a disability.

11.       **SMITH** has impairments of his cardio-pulmonary systems, which impacts his ability to perform major life activities, such as moving when not in remission.

12.       **SMITH** has a history of these impairments that limits major bodily functions and several major life activities. **SMITH**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

13.     **SMITH** always received good to very good performance reviews from **LENDUS** until he disclosed his disability and the need for possible future medical leave/leave as reasonable accommodations.

14.     Specifically, on May 25, 2018, **SMITH** disclosed the same to his supervisor, who initially told **SMITH** not to worry about things and that his job was secure. However, **SMITH**'s supervisor also began quizzing him about whether or not he would be missing time from work and how much time off he might require.

15.     However, on May 31, 2018, **LENDUS** abruptly terminated **SMITH**, and that same day terminated his health insurance.

16.     At all material times, the Defendant was aware of **SMITH**'s disabilities, which are the bases for its discriminatory employment practices toward him.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

17.     Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

18.     At all relevant times, **SMITH** was an individual with a disability within the meaning of the ADAAA.

19.     Specifically, **SMITH** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

20.     **SMITH** is a qualified individual with disabilities as that term is defined in the ADAAA.

21.     **SMITH** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with **LENDUS**.

22.     At all material times, **SMITH** was an employee and **LENDUS** was his employer covered by and within the meaning of the ADAAA.

23.     **LENDUS** was made aware and was aware of **SMITH**'s disabilities, which qualify under the ADAAA.

24.     **LENDUS** discriminated against **SMITH** with respect to the terms, conditions, and privileges of employment because of his disabilities.

25.     **LENDUS** conducted itself with malice or with reckless indifference to **SMITH**'s federally protected rights.

26.     **LENDUS** discriminated against **SMITH** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

27.     The conduct of **LENDUS** altered the terms and conditions of **SMITH**'s employment and **SMITH** suffered negative employment action in the form of discipline and termination.

28.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **SMITH** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

29.     As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **SMITH** is entitled to all relief necessary to make him whole.

30.     As a direct and proximate result of the Defendant's actions, **SMITH** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

31.     **SMITH** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.   Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

32.     Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

33.     At all relevant times, **SMITH** was an individual with a disability within the meaning of the FCRA.

34.     Specifically, **SMITH** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

35.     **SMITH** is a qualified individual with disabilities as that term is defined in the FCRA.

36.     **SMITH** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of his own job with **LENDUS**.

37.     At all material times, **SMITH** was an employee and **LENDUS** was his employer covered by and within the meaning of the FCRA.

38.     **LENDUS** was made aware and was aware of **SMITH**'s disabilities, which qualify under the FCRA.

39.     **LENDUS** discriminated against **SMITH** with respect to the terms, conditions, and privileges of employment because of his disabilities.

40.     **LENDUS** conducted itself with malice or with reckless indifference to **SMITH**'s protected rights under Florida law.

41.     **LENDUS** discriminated against **SMITH** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

42.     The conduct of **LENDUS** altered the terms and conditions of **SMITH**'s employment and **SMITH** suffered negative employment action in the form of discipline and termination.

43.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **SMITH** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

44.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **SMITH** is entitled to all relief necessary to make him whole.

45.     As a direct and proximate result of the Defendant's actions, **SMITH** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

46.     **SMITH** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.     Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.     Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.     Compensatory damages;

viii.     Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT III: INDIVIDUAL COMMON LAW UNPAID WAGE CLAIM

47.     The Plaintiff hereby incorporate Paragraphs 1-3, 6-7, 9-10 and 15 in this Count as though fully set forth herein.

48.     **SMITH** was an employee of **LENDUS**.

49.     **LENDUS** was required to compensate **SMITH** at on a commission basis.

50.     **LENDUS** had operational control over all aspects of **SMITH**'s day-to-day functions during his employment, including compensation.

51.     **LENDUS** failed to pay **SMITH** approximately $15,000.00 in commissions due to him under the terms of the governing payment plan that was due to **SMITH** at the time of his termination.

52.     **LENDUS** has willfully violated Florida law by refusing to pay **SMITH** his regular rate of pay for all hours worked by him.

53.     As a result of the foregoing, **SMITH** has suffered damages of lost wages.

54.     **LENDUS** is the proximate cause of **SMITH**'s damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees under F.S. §448.08.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,


Dated: May 2, 2019
                **/s/ Benjamin H. Yormak**
                Benjamin H. Yormak
                Florida Bar Number 71272
                Trial Counsel for Plaintiff
                Yormak Employment & Disability Law
                9990 Coconut Road
                Bonita Springs, Florida 34135
                Telephone: (239) 985-9691
                Fax: (239) 288-2534
                Email: byormak@yormaklaw.com